[Crim. No. 776.   Department Two.—January 2, 1902.]

## THE PEOPLE, Respondent, v. FRANK NISHIYAMA, Appellant.

CRIMINAL LAW—UTTERING FICTITIOUS CHECK—NAME OF FICTITIOUS PERSON AS MAKER—SUFFICIENCY OF INFORMATION.—Where the payee of a check signed by the name of a fictitious maker, purporting to be the name of an individual person, was indicted for uttering a fictitious check, knowing it to be fictitious, an information, sufficient in other respects, which alleges that there was no such person and individual in existence as the said person named is sufficient, without negativing the remote possibility that there might be a bank, corporation, or copartnership by such name.

ID.—INTENTION TO COMMIT FORGERY—NAME OF EMPLOYER—FICTITIOUS NAME NOT IDEM SONANS—QUESTION FOR JURY.—It is immaterial whether the defendant intended to forge the name of his employer, "J. S. Brown," where he, in fact, signed the fictitious name "J. S. Brawan," and the jury found, upon sufficient evidence, that the two names were not *idem sonans*. To warrant a finding that it bore the name of "J. S. Brown," the spelling should be such that, when pronounced, it sounded like that name; and whether this was the case or not, was a question for the jury to determine, if there was any doubt about it.

ID.—DEFINITION OF "UTTERING" FICTITIOUS INSTRUMENT.—An instruction given to the jury by the court which did not purport to define the crime with which the defendant was charged, but merely defined what constituted the uttering of a fictitious instrument, or passing it, knowing it to be fictitious, is not objectionable, as being to the disadvantage of the defendant, although it may not be confined merely to the definition of the word "utter," where, taken in connection with the other instruction, there was no danger of misleading the jury.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion.

Tanner & Taft, and James W. Mays, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

GRAY, C.—The appellant was convicted of the crime of passing, uttering, and publishing a fictitious check, which

crime is defined in section 476 of the Penal Code. He appeals from the judgment and from an order denying his motion for a new trial.

1. The information charges that the defendant "did willfully, unlawfully, feloniously, falsely, and fraudulently make, pass, utter, and publish, with intention to defraud the Security Savings Bank, a banking corporation, T. E. Dobbins, and J. S. Brawan, a certain fictitious check, which then and there purported to be the check of one J. S. Brawan, a person and individual, which said check was then and there in words and figures following, to wit:—

" 'Los Angeles, Cal., Dec. 11, 1900.        No. 45.
" 'Security Savings Bank:
" 'Pay to the order of Frank Nishiyama, $30.00 Thirty Dollars.        J. S. BRAWAN.' "

"And which said check . . . was indorsed on the back thereof as follows, 'Frank Nishiyama'; when, in fact, there was then and there no such person and individual in existence as the said J. S. Brawan, he, the said Frank Nishiyama, then and there well knowing the said check to be fictitious," etc.

It is objected to this information that it fails to negative the presumption that there might have been a bank, corporation, or copartnership by the name of J. S. Brawan. It was not necessary to negative so remote a possibility. The name itself purports to be that of an individual, and not that of either a corporation or copartnership; and the fact that corporations and copartnerships are, in rare instances, so deceptively named that they cannot be distinguished from individuals by their name alone does not affect the question. The information was evidently drawn with a careful regard for the language of the opinion in *People* v. *Eppinger*, 105 Cal. 39. This case is cited by appellant himself, and the opinion therein is unquestionably sound. On the authority of it, we do not hesitate to say that the information herein was not open to the objection here urged.

2. It is next contended that all the evidence tends to show that defendant intended to forge the signature of his employer, J. S. Brown, and that therefore he is guilty of forgery, and cannot be guilty of uttering a fictitious signature or instru-

ment within the meaning of said section 476 of the Penal Code.

Whether defendant is guilty of forgery, under section 470, or of the crime defined in section 476 of the Penal Code, of passing an instrument with the name of a fictitious person appended thereto, depends upon what the defendant actually did more than upon what he intended to do. He may have intended the one crime and committed the other. "He is being prosecuted, and necessarily so, for an offense actually committed, and not for an offense he may have [only] intended to commit." (*People* v. *Elliott,* 90 Cal. 586.) If the name is that of a fictitious person, it is no defense that the defendant intended to write the name of a particular person well known in the community. The question to be determined was, Did the check bear the name of J. S. Brown written by defendant? To warrant a finding that it did bear that name, the spelling should have been such that when pronounced it sounded like that name. Whether this was the case or not, was a question for the jury to determine, if there was any doubt about it. (*People* v. *Fick,* 89 Cal. 144.) The defendant took this view of the matter at the trial, and his requested instructions submitting this question of *idem sonans* to the jury were given. There was sufficient evidence to support the implied finding of the jury that the names were not *idem sonans.* The defendant was charged with and convicted of the crime of which he was guilty.

3. Appellant complains of an instruction given by the court to the jury, reading as follows: "The court instructs the jury that the uttering of a fictitious instrument is passing it knowing it to be fictitious." The above instruction does not purport to define the crime with which defendant is charged, but was intended merely to define a word used in the definition of the crime. There is nothing in it of which the appellant can rightfully complain. It contained more than was necessary to the definition of the word "utter," perhaps, (see Bouvier's Dictionary, title "Utter,") but this was rather to the advantage of defendant than otherwise. Taken in connection with the other instructions given, there was no danger of the jury being misled into thinking that it was intended as a definition of the crime with which the defendant was charged, and the defendant could not have suffered any injury by it.

Several other objections are made to instructions given to the jury, but they are hardly of sufficient importance to warrant a discussion. The three instructions refused, because given elsewhere, were properly refused on that ground. Appellant's objections to evidence taken at the trial are based upon the same grounds urged against the sufficiency of the information, and also upon the further ground that the evidence makes a case of forgery, and not of the crime charged in the information. These points are already disposed of herein.

We find no error in the record, and advise that the judgment and order be affirmed.

Haynes, C.; and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Henshaw, J., Temple, J.