[Crim. No. 1406.  Second Appellate District, Division Two.—February 4, 1927.]

THE PEOPLE, Respondent, v. MARGUERITO LOPEZ, Appellant.

[1] CRIMINAL LAW — ASSAULT WITH DEADLY WEAPON — CONFLICTING EVIDENCE—VERDICT—APPEAL.—Appellate courts have not the right to determine questions of fact where there is a substantial conflict in the evidence; and in this prosecution in which defendant was charged by information with the offense of assault with a deadly weapon with intent to commit murder, there having been a substantial conflict in the evidence, there was no merit in defendant's contention on appeal that the verdict of guilty of assault with a deadly weapon was not supported by the evidence.

[2] ID.—SPECIFIC INTENT—EVIDENCE—INSTRUCTIONS.—In such prosecution, defendant having been convicted of an assault with a deadly weapon, an offense which did not necessitate the proof of a specific intent to commit it, the refusal of the trial court to give defendant's requested instruction that "legal malice or malice aforethought of statute denotes a wrongful act done intentionally and without legal cause or excuse," could not be considered to constitute error. ,

[3] ID.—JUSTIFICATION—REASONABLE DOUBT—BURDEN OF PROOF — INSTRUCTIONS.—In such prosecution where the testimony related by defendant tended to justify the assault, but the testimony in the case was to be tested by the rule of reasonable doubt, and upon that doctrine the court gave the usual instructions, it was not error to refuse defendant's requested instruction "that in a criminal case, the burden of proof never shifts to the defendant and in this case the burden of proof remains upon the state throughout the case to prove an unlawful shooting, and the burden does not under any circumstances shift to the defendant to prove his innocence."

1.  See 8 Cal. Jur. 587.

[4] ID.—MITIGATION—EVIDENCE—PROVINCE OF JURY.—In such a prosecution, the whole defense of mitigation or justification is to be considered by the jury in connection with all the facts and if, after considering all the facts, they are convinced beyond a reasonable doubt, it matters not whether they are so convinced by the inherent weakness of the defense or by rebuttal testimony of the prosecution.

[5] ID.—JUDGMENT — VOID DEPORTATION ORDER.—In a prosecution in which the defendant is convicted of the crime of assault with a deadly weapon, the penalty is that found in section 245 of the Penal Code, to wit, "imprisonment in the state prison or in a county jail, not exceeding ten years, or by fine not exceeding $5,000, or by both," and there is no authority to add to the judgment authorized by said section the further order that "after sentence has been served, defendant is to be deported to Mexico"; but such void order will not affect the validity of the remaining portion of the judgment.

---

(1) 17 C. J., p. 264, n. 89.    (2) 5 C. J., p. 736, n. 54; 16 C. J., p. 1063, n. 85; 30 C. J., p. 449, n. 88.    (3) 16 C. J., p. 986, n. 65. (4) 30 C. J., p. 143, n. 84.    (5) 2 C. J., p. 1076, n. 24; 17 C. J., p. 366, n. 61.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Carlos S. Hardy, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Theodore Gottzdanker for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

THOMPSON, J.—The defendant was charged by information with the offense of assault with a deadly weapon with intent to commit murder. The jury returned a verdict of guilty of assault with a deadly weapon, upon which verdict defendant was sentenced for the term prescribed by law, with this additional order in the judgment "After sentence has been served, defendant is to be deported to Mexico." Defendant's motion for a new trial of the cause was denied and it is from the judgment thus pronounced and the order denying his motion for a new trial that he prosecutes this appeal.

It appears from the testimony that the defendant and one Hermandez had purchased four pints of whisky during the evening of February 27, 1926, of which they had consumed three pints before 12:15 A. M. of the 28th. At this time Police Officer William J. Hackett observed them near the Santa Fe depot in Los Angeles City. By reason of the fact, as he testified, that they were boisterous and noisy he approached them and found them under the influence of liquor. Hermandez was able to walk and to talk coherently. A search of him revealing no liquor, the officer sent him home. The fourth pint of liquor was found on defendant's person and the officer says he put him under arrest for violation of the Wright Act; that he put his right arm under defendant's left armpit and started to lead him to the patrol box. They had not proceeded far when the defendant fell or swung himself in front of the officer and on his way down grabbed the officer's gun from the holster on his left hip. Simultaneously with the grabbing of the gun Officer Hackett let go of defendant's arm and struck upward with his arms so that the first shot fired passed between them— close to defendant's head. The defendant fell to the ground and shot the second time—this shot striking the officer about three inches below the left nipple and emerging from the tip of the left shoulder-blade.

The defendant took the stand in his own behalf and testified that he and Hermandez were merely talking together when seen by the officer; that Hackett approached them and searched them; that he hit Hermandez on the back and sent him home; that the officer then commenced to pull him (the witness) along the street, bumping him with his knee and asking him questions in English which he did not understand; that finally the officer asked him for money and because his purse had nothing but a dollar and some keys in it the officer pulled his gun; that the defendant made a grab for it, whereat the officer tripped and fell; that the defendant fell upon the officer and while grappling for the gun it was discharged. The defendant freely admitted possession of the liquor and that he was intoxicated.

[1] Under this state of facts the appellant says that the verdict is not supported by the evidence. It has been stated so many times that appellate courts have not the right to determine questions of fact where there is a substantial

conflict in the evidence that it is unnecessary to refer to authorities to support the statement. There is a substantial conflict in this action and for that reason we pass to the next question on this appeal.

[2]  And the next point presented is that the court erred in refusing to give the instruction requested by defendant as follows: "You are instructed that legal malice or the malice aforethought of statute denotes a wrongful act done intentionally and without legal cause or excuse." It will be noted first that the defendant was convicted of an assault with a deadly weapon, an offense less than that with which he was charged, but necessarily included in it. The offense of which he was convicted did not necessitate the proof of a specific intent to commit it. (*People* v. *Marseiler,* 70. Cal. 98 [11 Pac. 503]; *People* v. *Gordan,* 103 Cal. 568–575 [37 Pac. 534].) Hence the refusal to give the instruction cannot be considered to constitute error.

Aside from this fact, however, the jury were given appropriate instructions covering the subject of intent and malice as necessary constituents of the offense with which defendant was charged and the substance of the requested instruction was fully covered.

[3]  The defendant next assigns as error the refusal of the court to instruct the jury as follows: "The court instructs the jury that in a criminal case, the burden of proof never shifts to the defendant and in this case the burden of proof remains upon the state throughout the case to prove an unlawful shooting, and the burden does not under any circumstances shift to the defendant to prove his innocence." This assignment by the defendant is dismissed by him in his brief by the statement "that the court erred in refusing to give the following instruction requested by the defendant." The first impulse when no greater light is shed upon the question is to say the court did not err. Substantial justice to the client and the cause of precedent law, however, cause us to give it careful consideration. The testimony related by the defendant in this case tended to justify the assault and the respondent argues that section 1105 of the Penal Code does shift the burden of proof to the defendant to show circumstances of mitigation or justification. That section, however, deals only with "a trial for murder" and has no application to the case at bar. (*People*

v. *Gordon,* 88 Cal. 422 [26 Pac. 502], and cases cited.) The testimony in the case at bar was to be tested by the rule of reasonable doubt and upon that doctrine of the law the court gave the usual instructions. In the case of *People* v. *Byler,* 35 Cal. App. 208 [169 Pac. 431], which involved a charge of murder, the defendant asked an instruction somewhat similar to that refused here under that portion of section 1105, which reads, "unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter." The requested instruction in that case which the court refused to give was in effect that if the proof showed that the offense only amounted to manslaughter the burden of proving mitigation or justification or excuse did not devolve upon the defendant, but that it rested upon the People to prove affirmatively and beyond a reasonable doubt that the mitigating circumstances or justification did not exist. In that case the court was of the opinion, as we are here, that the giving of the usual instruction upon the question of reasonable doubt was sufficient. [4] The whole defense of mitigation or justification in a case of this character is to be considered by the jury in connection with all of the facts and if after considering all the facts they are convinced beyond a reasonable doubt it matters not whether they are so convinced by the inherent weakness of the defense or by rebuttal testimony of the prosecution.

[5] We now come to that part of the judgment which orders the deportation of the defendant. The attorney-general concedes that there is no authority of law by which the state courts can make a valid order of this character. Without passing upon the question as to whether the state may properly enact such legislation it is sufficient that it has not. The penalty provided for the crime of which defendant was convicted is that found in section 245 of the Penal Code, to wit: "imprisonment in the state prison or in any county jail, not exceeding ten years, or by fine not exceeding $5,000, or by both." It follows, therefore, that the judgment for deportation is void. It does not necessarily follow that the remaining portion of the judgment is affected. The void portion of the judgment may be separated without violence to the remainder, as was done in a some-

what similar situation in *People* v. *Fick*, 89 Cal. 144 [26 Pac. 759].

It is ordered that the judgment appealed from be and it is hereby modified by striking out the words "after sentence has been served, defendant is to be deported to Mexico," and after such modification, the judgment and order are affirmed.

Works, P. J., and Craig, J., concurred.