[Crim. No. 1984.   Third Dist.   Oct. 29, 1946.]

In re TROY E. SCARBOROUGH, on Habeas Corpus.

Harold Wyatt for Petitioner.

Joseph C. Tope, City Attorney, and H. C. Stanley, Assistant City Attorney (Stockton), for Respondent.

THOMPSON, J.—By means of habeas corpus the petitioner seeks to obtain his release on probation from the county jail in San Joaquin County on the ground that his probation was illegally revoked because he violated a provision of the judgment granting probation under section 1203.1 of the Penal Code, that it would be suspended in part on condition that he leave Stockton and San Joaquin County and remain away for a period of two years. After serving imprisonment for about three months, the defendant was, on April 26, 1946, released on parole.  The order granting parole did not contain the provision that the defendant should leave Stockton and San Joaquin County and remain away for two years.  The only condition which it contained was that ''he go to work immediately . . . and remain sober; that he commit no public offense; . . . that he go to work and support his wife and

father.'' He did not leave Stockton but continued to reside there in his home with his wife and father. After he had been at liberty for four months, he was taken into custody and his probation was revoked for failing to leave and remain away from Stockton. The full term of his commitment has not expired.

February 5, 1946, the petitioner was charged in the Police Court of Stockton, in two counts, with violations of sections 250a and 502 of the Vehicle Code. He pleaded guilty to both offenses and was sentenced to imprisonment in the county jail for the term of 180 days on each count. It was specifically provided the terms for the two offenses should run consecutively. The judgment then provided that the ''last 180 days of said judgment suspended on condition that defendant leave the City of Stockton and San Joaquin County after 180 days served and be not found in said City and County for a period of two (2) years from said date.''

Petitioner alleged in his application for a writ of habeas corpus that he did not know that his probation was conditioned upon his leaving Stockton for a period of two years. The printed copy of his parole, which was served on the defendant and is attached to the petition, contains no such condition. He did not leave the city of Stockton. On August 29th he was taken into custody and his probation revoked for failure to leave the city of Stockton as provided by said condition in the judgment, and he was recommitted to the county jail to serve the balance of his consecutive terms of imprisonment. It is conceded his probation was not revoked on any other ground.

▇ The suspension of sentence was equivalent to an order granting probation. (*In re Herron,* 217 Cal. 400, 404 [19 P.2d 4] ; *In re Giannini,* 18 Cal.App. 166 [122 P. 831].)

▇ The condition contained in the judgment that it would be suspended in part if the defendant left Stockton and San Joaquin County and remained away for two years, is, in effect, an unlawful increase of punishment by banishment not provided by statute, and therefore void. (*People* v. *Baum,* 251 Mich. 187 [231 N.W. 95, 70 A.L.R. 98] ; *Ex parte Sheehan,* 100 Mont. 244 [49 P.2d 438, 442] ; *People* v. *Lopez,* 81 Cal. App. 199, 203 [253 P. 169] ; 24 C.J.S. § 1991, p. 1216.) In holding that a condition of a judgment requiring banishment from the state is illegal and void, the court said in the Baum case, *supra,* that:

''To permit one state to dump its convict criminals into

another would entitle the state believing itself injured thereby to exercise its police and military power, in the interest of its own peace, safety, and welfare, to repel such an invasion. It would tend to incite dissension, provoke retaliation, and disturb that fundamental equality of political rights among the several states which is the basis of the Union itself. Such a method of punishment is not authorized by statute, and is impliedly prohibited by public policy.''

In the Lopez case, *supra*, the court held that the portion of the judgment of conviction which provided that ''defendant is to be deported to Mexico,'' is void.

The same principle which prohibits the banishment of a criminal from a state or from the United States applies with equal force to a county or city. The old Roman custom of ostracizing a citizen has not been adopted in the United States. The so-called ''floating sentence,'' too frequently resorted to in some inferior courts, falls in the same category. There is no statute in California authorizing such judgments.

It follows that the portion of the judgment in the present case which purports to suspend judgment in part, conditioned on the defendant's leaving Stockton and San Joaquin County and remaining away for the period of two years, is illegal and void. ■ But the balance of the judgment of imprisonment for the aggregate term of 360 days is, nevertheless, valid and binding. (*People* v. *Lopez, supra*; *People* v. *Fick,* 89 Cal. 144 [26 P. 759].) Where the judgment of imprisonment and the illegal condition of suspension are severable, as they are in this case, the void portion may be stricken therefrom and disregarded. (*People* v. *Lopez, supra.*) The following language of the judgment in this case, to wit: ''on condition that defendant leave the City of Stockton and San Joaquin County after 180 days served and be not found in said City and County for a period of two (2) years from said date,'' will be disregarded.

In *In re Peterson,* 14 Cal.2d 82 [92 P.2d .890], it was held that the parole of a convict on condition that he submit himself ''to the custody of the Texas authorities,'' in which state he had been previously convicted of a felony and had escaped from state prison and was a fugitive from justice, did not entitle him to parole free from that condition. The rule upon which the Peterson case was decided was that a pardon or parole contemplates an acceptance by the prisoner of the conditions upon which it is granted. (39 Am.Jur., § 89, p. 576.) The Peterson case did not involve the doctrine of ban-

ishment. It merely held that if the prisoner accepted the parole, he must do so on the terms specified that he would submit himself to the custody of the officers of Texas from which state he was a fugitive from justice. That condition of parole merely aided the lawful purpose of returning the prisoner to the custody of the officers of Texas from which he feloniously fled.

In the present case the petitioner asserts that the unlawful and void condition of his probation was not accepted by him; that he had no knowledge of that condition of banishment from Stockton and San Joaquin County; that the printed form of "parole" under which he was granted his freedom from imprisonment contained no such provision. There is no evidence that he accepted that probation with knowledge of that unlawful condition. He remained in Stockton and continued to live in his own home with his wife and father.

We assume the petitioner was granted probation without knowledge of, and free from, the unlawful condition that he leave Stockton and San Joaquin County and remain away for the period of two years. It was stipulated that his probation was revoked on the sole ground that he had violated that condition.

We are of the opinion the petitioner's probation was illegally revoked, and that he is entitled to his freedom on probation unless it is revoked for lawful reasons. It is so ordered.

Adams, P. J., and Peek, J., concurred.