## MATTER OF SCHUNCK

### In Deportation Proceedings

### A-13120444

*Decided by Board March 23, 1972*

Conviction of a violation of section 11556 of the California Health and Safety Code, which provides "it is unlawful to visit or to be in any room or place where any narcotics are being unlawfully smoked or used with knowledge that such activities are occurring," is not a conviction of a law "relating to the illicit possession of or traffic in narcotic drugs or marijuana" within the meaning of section 241(a)(11) of the Immigration and Nationality Act.

CHARGES:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of law relating to illicit possession of marijuana.

Lodged: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of law relating to illicit traffic in narcotics.

ON BEHALF OF RESPONDENT:                    ON BEHALF OF SERVICE:
  Charles J. Wong, Esquire                   Stephen M. Suffin
  755 Commercial Street                      Trial Attorney
  San Francisco, California 94108            (Brief filed)
  (Brief filed)

The special inquiry officer certifies his decision and order of October 20, 1970 terminating the above-captioned proceedings. Counsel for the respondent and the trial attorney have submitted briefs in support of their respective positions. The issue before us involves a determination of whether the respondent is deportable under section 241(a)(11) of the Immigration and Nationality Act as an alien who has been convicted of a law relating to the illicit traffic in narcotics or marijuana. We shall affirm the special inquiry officer's decision.

The facts of the case are stated in the decision of the special inquiry officer and are incorporated herein by reference. The respondent is a native of Indonesia and a citizen of the Netherlands who was convicted in the Municipal Court of the City of San Francisco, California on September 4, 1970 upon a plea of guilty for

violation of section 11556 of the Health and Safety Code of the State of California.[1]

We must determine whether 11556 is a law relating to the illicit trafficking in narcotic drugs or marijuana. The special inquiry officer states in his opinion that section 11556 "was enacted to aid in eliminating or controlling traffic in narcotics," citing *People v. Lee*, 260 C.A. 2, 836 (1968) (p. 3, special inquiry officer's opinion). He reasons, however, that section 11556 is broad enough to encompass a conviction where the defendant was not himself involved in trafficking in marijuana or narcotic drugs. He relies on the rule of construction set forth in *Fong Haw Tan v. Phelan*, 333 U.S. 6 (1948).

Section 241(a)(11) of the Immigration and Nationality Act requires the deportation of an alien who is convicted of a violation of "any law or regulation *relating to* the *illicit possession of*, or *traffic in*, narcotic drugs or marijuana. . . ." (Emphasis supplied.) The trial attorney takes the position that the controlling phrase in section 241(a)(11) is "relating to." He relies on the Attorney General's decision in *Matter of N—*, 6 I. & N. Dec. 557, 561 (BIA, 1955)[2]. The Attorney General in *Matter of N—*, *supra*, reversed the Board of Immigration Appeals and held that the phrase "relating to" is broad enough to cover a conviction for conspiracy to violate the narcotic laws. The trial attorney reasons that the special inquiry officer's decision limiting the scope of section 241(a)(11) is directly contrary to *Matter of N—*, *supra*. The Attorney General in *Matter of N—*, *supra*, was confronted with a conviction for violation of 18 U.S.C. 371 in that the alien did conspire with others to sell, dispense and distribute heroin. The substantive offense involved in the conspiracy is clearly encompassed within section 241(a)(11).

The court in *People v. Wilson*, 271 A.C.A. 83, 76 Cal. Rptr. 195 (1969), held that the offense defined by section 11556 is not included in the offense defined by section 11530 of the Health and Welfare Code, which forbids possession of marijuana. In *People v. Perez*, 219 C.A. 2d 760 (1963), the court held that in determining whether there has been a violation of section 11556, there must be proof that narcotics "are being unlawfully smoked or used . . . with knowledge that such activity is occurring" at the time of the visitation or presence.

The fact that an alien "visits" or is in "any room or place" where

---

[1] Section 11556 of the California Health and Safety Code provides: "*Visitation or Presence in Resorts Prohibited*. It is unlawful to visit or to be in any room or place where any narcotics are being unlawfully smoked or used with knowledge that such activities are occurring."

[2] Affirmed *Nani v. Brownell*, 153 F. Supp. 679 (D.D.C., 1957), affirmed 247 F.2d 103 (D.C. Cir., 1957), cert. denied 355 U.S. 870.

the proscribed "activity is occurring" with his knowledge does not *ipso facto* establish that he is engaged in "the illicit possession of or traffic in narcotic drugs or marijuana." Section 241(a)(11) cannot be interpreted to include the conviction of a nonparticipating bystander under a statute which seeks to discourage visits to places where narcotics are unlawfully used. It was the intent of Congress to deport the alien who is convicted of "any law ... relating to the illicit possession of or traffic in narcotic drugs or marijuana" and not the alien who may find himself in a place where marijuana or narcotics are unlawfully "smoked or used." Cf. U.S. Code Cong. and Adm. News, 86th Cong., 2d Sess., p. 3135. An appropriate order will be entered.

**ORDER:** The decision and order entered by the special inquiry officer on October 20, 1970, terminating the proceedings, is hereby affirmed.