## MATTER OF TUCKER

### In Deportation Proceedings

### A-14231434

*Decided by Board June 10, 1975*

The respondent was convicted upon a plea of guilty, of unlawful possession of marijuana in violation of section 11530 of the California Health and Safety Code. Subsequently, the court set aside that guilty verdict and allowed him to plead guilty to a violation of section 11556 of that Code, sentenced him to 30 days and then terminated probation, pursuant to sections 1203.3 and 1203.4 of the California Penal Code. Section 1203.3 operates to continue the court's jurisdiction insofar as it relates to probation. It does not authorize the court to vacate a conviction. Section 1203.4 only authorizes the court to expunge the record of conviction following the successful completion of probation. It does not authorize the court to accept a guilty plea to a lesser offense. Under these statutes, the court had no authority to permit substitution of the guilty plea to violation of section 11556 of the Health and Safety Code. Furthermore, expungement of a conviction for violation of section 11530 of the California Health and Safety Code pursuant to section 1203.3 and 1203.4 of the California Penal Code, does not operate to remove that conviction as a ground of deportability under section 241(a)(11) of the Immigration and Nationality Act. See *Kelly* v. *Immigration and Naturalization Service,* 349 F.2d 473 (C.A. 9, 1965). Therefore, the respondent is deportable as charged.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Marijuana possession, conviction: Violation of section 11530, California Health and Safety Code.

ON BEHALF OF RESPONDENT:
Timothy H. Power, Esquire
228 McAllister Street
San Francisco, California 94102

ON BEHALF OF SERVICE:
Bernard J. Hornbach, Esquire,
Trial Attorney

This is an appeal from a decision of an immigration judge dated October 15, 1973, denying the respondent's motion for reconsideration of the immigration judge's decision of March 2, 1973. The appeal will be dismissed.

The respondent was convicted on October 29, 1971 in the California Superior Court for the County of Marin, by verdict of a jury, of unlawful possession of marijuana in violation of section 11530 of the California Health and Safety Code. On March 14, 1972, the court ordered suspension of the imposition of sentence and placed the respondent on probation. On February 22, 1973, the Superior Court granted the respondent

a release pursuant to section 1203.4 of the California Penal Code; set aside the guilty verdict under section 11530 of the California Health and Safety Code; allowed the respondent to plead guilty to a lesser included offense of violation of section 11556 of the Health and Safety Code; sentenced him to serve 30 days in the County Jail with credit for 30 days served; and terminated probation.

Section 241(a)(11) of the Act concerns itself with a conviction of an offense relating to illicit possession of or traffic in narcotic drugs or marijuana. Federal courts have generally taken the view that a plea of guilty or a finding of guilty, which is in repose and remains undisturbed, amounts to a conviction. See *Kercheval* v. *United States*, 274 U.S. 200 (1927). Here there was a verdict of guilty. In *Wood* v. *Hoy*, 266 F.2d 825 (C.A. 9, 1959), the court held that a conviction in California followed by a suspended sentence and placement on probation remains a "conviction" within the Immigration and Nationality Act. In fact, section 1237 of the California Penal Code provides that an order granting probation "shall be deemed to be a final judgment" for the purpose of appeal. The respondent's conviction of unlawful possession of marijuana under section 11530 of the California Health and Safety Code is sufficient to sustain a finding of deportability under section 241(a)(11). See *Gutierrez* v. *INS*, 323 F.2d 593 (C.A. 9, 1963), cert. denied 377 U.S. 910 (1964).

In *Matter of Kelly*, 10 I. & N. Dec. 526 (BIA 1964), relying on the Attorney General's ruling in *Matter of A—F—*, 8 I. & N. Dec. 429 (A.G. 1959), we held that a finding of deportability under section 241(a)(11) of the Act based upon conviction for unlawful possession of marijuana in violation of section 11530 of the California Health and Safety Code is not affected by the expungement or erasure of the conviction record as authorized by sections 1203.3 and 1203.4 of the Penal Code of California. Our positions in *Matter of Kelly*, supra, was affirmed in *Kelly* v. *INS*, 349 F.2d 473 (C.A. 9), cert. denied 389 U.S. 932 (1965). The Attorney General's ruling in *Matter of A—F—*, supra, has been sustained by the courts. See *Garcia-Gonzales* v. *INS*, 344 F.2d 804 (C.A. 9), cert. denied 382 U.S. 840 (1965); *Kelly* v. *INS*, supra; *Brownrigg* v. *INS*, 356 F.2d 877 (C.A. 9, 1966); *Cruz-Martinez* v. *INS*, 404 F.2d 1198 (C.A. 9, 1968), cert. denied 394 U.S. 955 (1969); *Gonzales de Lara* v. *United States*, 439 F.2d 1316 (C.A. 5, 1971); *Matter of Andrade*, 14 I. & N. Dec. 364 (BIA 1973).

In allowing the respondent to plead guilty to violation to section 11556 of the California Health and Safety Code, the court describes it as a "plea to a lesser included offense." In *People* v. *Perez*, 33 Cal. Rptr. 398, 219 C.A.2d 760 (1963), the court held that in determining whether there has been a violation of section 11556, there must be proof that narcotics "are being unlawfully smoked or used. . . with knowledge that such activity is occurring" at the time of the visitation or presence. The court

in *People* v. *Wilson*, 76 Cal. Rptr. 195, 271 C.A.2d 60 (1969), held that the offense defined by section 11556 is not included in the offense defined by section 11530 of the Health and Safety Code, which forbids possession of marijuana. Modification by vacating a finding of guilt and reduction to a lesser included offense is specifically provided for in section 1181(6) of the California Penal Code without requiring an order for a new trial. Even assuming that section 11556 could be considered a lesser included offense, the procedure under Penal Code section 1181(6) would have been the procedure which should have been followed.

Section 1203.3 of the California Penal Code continues the jurisdiction of the court over the convicted person only so far as conditions of probation and matters relating to probation are concerned. The section does not authorize vacating a conviction. It provides that the court shall have authority to revoke or modify probation "at any time during the term of probation," *Matter of Sirhan, et al.*, 13 I. & N. Dec. 592 (BIA 1970); *In re Griffin*, 62 Cal. Rptr. 1, 431 P.2d 625 (1967); *Fayad* v. *Superior Court*, 153 C.A.2d 406, 313 P.2d 669 (1957); *In re Scarborough*, 173 P.2d 825 (C.A. Cal. 1946).

The question before us is whether section 1203.4 of the California Penal Code, in addition to authorizing expungement of the conviction under section 11530 of the Health and Safety Code, confers on the court the jurisdiction to substitute therefor a plea of guilty to another offense of the same Code, section 11556. In this case, if the court had the power of substitution, the respondent's conviction of a deportable offense within the meaning of section 241(a)(11) of the Act. See *Matter of Schunck*, 14 I. & N. Dec. 101 (BIA 1972). If the court did not have the power, then as heretofore explained the respondent is not relieved from the finding of deportability under section 241(a)(11) based upon his conviction of violation of section 11530.

Section 1203.4 of the California Penal Code creates a statutory procedure by which convictions are technically expunged as a matter of course as a reward for those who have successfully completed probation. See *Matter of A—F—*, supra, *People* v. *Johnson*, 134 C.A.2d 140, 285 P.2d 74 (1955). A careful analysis of this section clearly shows that the only power given to the court after termination of probation is to set aside a verdict of guilty and expunge the conviction for the limited objective set forth in the section. The section specifically states the limits of the court's power as follows: ". . .; *and in either case the court shall thereupon dismiss the accusations or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted.* (Emphasis supplied.)

California criminal courts have statutory and inherent powers to modify orders. Section 1203.3 of the Penal Code involves only matters

relating to revoking or modifying probation. See *In re Scarborough*, supra. By the very terms of section 1203.4 of the Penal Code the court is empowered only to expunge the conviction from the record for certain limited purposes. See *People* v. *Johnson*, supra. The respondent made no appeal from the conviction as was his right (section 1235 California Penal Code). He failed to request a new trial as provided under section 1181 of the Penal Code. The court had no jurisdiction to vacate and correct the judgment under section 1203.3 or 1203.4 of the Penal Code. It follows that the only authority remaining would be under the continuing inherent power to apply for writ of error coram nobis under section 1265 of the Penal Code. The writ lies to vacate or correct a judgment where no other remedy exists. It is granted only when three requirements are met. (1) Petitioner must "show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment." (2) Petitioner must also show that the "newly discovered evidence (does not go) to the merits of the issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial." (3) Petitioner "must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ. . . ." See *People* v. *Shipman*, 42 Cal. Rptr. 1, 397 P.2d 933 (1965); *People* v. *Wheeler*, 85 Cal. Rptr. 242, 5 Cal. App. 3d 534 (1970).

It is counsel's contention that (1) the court merely intended to correct a mistake in its earlier judgment when it expunged the conviction under section 11530 and then allowed the respondent to plead guilty to another offense; (2) since the court retains jurisdiction of an action while a defendant is on probation, it would have the right to allow a plea of guilty to another offense. The short answer is that under the powers authorized by section 1203.4 of the California Penal Code the question is not lack of jurisdiction over the cause but excess of jurisdiction. The court did not have the power under section 1203.4 to accept the respondent's plea of guilty to a violation of section 11556 of the Health and Safety Code, after its expungement of the respondent's conviction of violation of section 11530 of the Health and Safety Code.

We agree with the immigration judge's conclusion that the respondent remains deportable as charged. No facts have been presented to make out a prima facie case for reconsideration of the immigration judge's decision of March 2, 1973. Moreover, there is no indication that any useful purpose would be served in reversing the immigration judge's denial of the motion for reconsideration. Accordingly, the following order will be entered.

**ORDER:** The appeal is dismissed.

340