[Crim. No. 1267. Fourth Dist. Jan. 15, 1960.]

THE PEOPLE, Respondent, v. FERNANDO CERVANTES, Appellant.

188

Gilbert D. Lopez, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

GRIFFIN, P. J.—Defendant appeals from judgment of conviction entered upon a jury verdict finding him guilty of an unlawful sale of a narcotic and of unlawful possession of a narcotic, each offense in violation of section 11500 of the Health and Safety Code. Defendant was also charged ·with a prior conviction of a violation of the same code section, which charge he admitted.

The evidence revealed that George Alarcon, an undercover investigator for the Bureau of Narcotic Enforcement, was conducting an investigation of the narcotic traffic in Kings County. In the latter part of November 1958, Mr. Alarcon was introduced to the defendant and attempted to purchase marijuana from him. On December 5, 1958, Benito Rubio and Alarcon met the defendant at the latter's home. On this occasion, the defendant sold Alarcon three marijuana cigarettes and the defendant stated that he expected another supply of narcotics in a few days and that he would make some of this supply available to Alarcon when it arrived.

On the next afternoon, officers of the Kings County Sheriff's Department and the State Bureau of Narcotic Enforcement turned four five-dollar bills coated with a phosphorescent powder over to Alarcon to enable him to make the purchase

of marijuana from the defendant. The purchase could not be made on that day, but on December 9, 1958, the bills were returned to Alarcon and on that date he was able to effect a purchase of 19 grams of marijuana from the defendant. Rubio acted as intermediary in this purchase and he was observed by Alarcon to meet with the defendant and leave the meeting with the bag of marijuana in his hand. Alarcon informed the officers with whom he was working that this purchase had been made. They determined to arrest the defendant at his home in Corcoran on that same evening and obtained a search warrant authorizing them to search defendant's home. It was arranged for Alarcon to precede the party of officers to the defendant's home, determine if the latter was at home, and inform the officers of this fact by means of a prearranged signal. The defendant was at home. The signal was given and the officers converged on the scene and arrested him. A search of defendant's home revealed no evidence which was used in the case, but a quantity of marijuana was discovered in a hole in the ground to the rear of the house a few feet from the place defendant was standing when he was arrested. A search of defendant's person revealed that his wallet contained three five-dollar bills having the same serial numbers as those previously given by the officers to Alarcon, and a test with ultraviolet light revealed that these bills had been coated with a phosphorescent substance. Traces of a similar substance were found on the front of defendant's coat and on his right thumb and forefinger. At the time, defendant could not explain where he had obtained these bills, nor could he explain how they came to be coated with the phosphorescent powder.

Both Rubio and the defendant testified for the defense. Rubio testified that he had never gone with Alarcon to defendant's home; that he had never purchased any marijuana for Alarcon from defendant; and stated that the marijuana which he had given Alarcon on December 9, 1958 had been purchased from an unidentified person who lived near the city dump. The defendant testified that he had no knowledge of how the marijuana discovered near his house came to be there; that he had never sold marijuana to Alarcon or Rubio; and that he had obtained the three five-dollar bills found by the officers on his person from a person who accosted him in front of a bakery and who gave him four five-dollar bills in exchange for 20 one-dollar bills. Defendant filed his notice of appeal in propria persona and petitioned this court to appoint an attorney to represent him on the appeal. This court ap-

pointed the attorney who handled defendant's case at the trial. The attorney has filed a report with a complete review of the record and states that he has failed to find any meritorious ground upon which to base an argument on this appeal. (Citing *People* v. *Dodd,* 113 Cal.App.2d 682 [248 P.2d 965] ; *People* v. *Sutton,* 115 Cal.App.2d 751 [252 P.2d 633] ; and *People* v. *Hickok,* 120 Cal.App.2d 832 [262 P.2d 30].) Upon reviewing the entire record, we concur with counsel's opinion that no meritorious grounds for appeal are contained therein. The evidence is sufficient to support the verdict, remembering the well-settled rule that the existence of every fact which the jury could have reasonably deduced from the evidence must be assumed in favor of the verdict. It is clear that the record in this case contains ample evidence to sustain the conviction of both an illegal sale and possession of a narcotic. (Citing *People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778] ; *People* v. *Wallace,* 109 Cal.App.2d 676, 679 [241 P.2d 264] ; *People* v. *Adame,* 169 Cal.App.2d 587, 595 [337 P.2d 477].) During the trial, defendant's counsel objected to the introduction of evidence as to the sale of the marijuana cigarettes to Alarcon on December 5, which sale was not charged as an offense in the instant case and further objected to the admission of these cigarettes into evidence, basing his objection upon the grounds that under the circumstances of the case the evidence of the prior offense was not admissible. Although it is the general rule that evidence of other crimes is not admissible, it is also well settled that where relevant to the issues of the instant case such evidence can be admitted. Thus, in a narcotics case, evidence of other offenses of a similar nature is admissible to show the defendant's knowledge of the narcotic nature of the substance or to show a common plan or scheme or the identity of the defendant. (*People* v. *Torres,* 98 Cal.App.2d 189, 192 [219 P.2d 480] ; *People* v. *Ballard,* 145 Cal.App.2d 94, 98-99 [302 P.2d 89] ; *People* v. *Rodriguez,* 151 Cal.App.2d 598, 601 [312 P.2d 272].) In the present case, the defendant denied any knowledge of the marijuana sold or possessed on December 9 and denied that he was the person who made the sale of the narcotic to Rubio on that date. It therefore became necessary for the prosecution to show that he was aware of the narcotic nature of the substance sold and that he was the person who dealt with Rubio on that date. Evidence of a sale to Rubio and Alarcon four days previously would be relevant to this issue.

 Defendant also objects to the manner in which the

search warrant was executed and the search of his house conducted. Since none of the evidence admitted at the trial was revealed by this search, these errors, if any were made, could not have been prejudicial. The marijuana was found in close proximity to the place where defendant was originally arrested and since no objection under the state of the evidence could be made to the legality of his arrest, this in itself was enough to authorize the search that was conducted. (*People* v. *Montes,* 146 Cal.App.2d 530, 533 [303 P.2d 1064] ; *People* v. *Scott,* 170 Cal.App.2d 446, 453 [339 P.2d 162].)

In the appendix to his counsel's report, defendant lists errors in spelling, punctuation and other minor errors in the record. We have examined each of the errors claimed by him to have been made and find that none of them relates to any material issue or point in the case, and they are not sufficient to prejudice him or require a reversal of the judgment. (Cal. Const., art. VI, § 4½; *People* v. *Watson,* 46 Cal.2d 818, 835 [299 P.2d 243].)

It clearly appears that defendant was convicted upon ample and sufficient evidence and received a full and fair trial in which no prejudicial error was committed.

The judgment is affirmed.

Shepard, J., and Monroe, J., pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 9, 1960.

---

*Assigned by Chairman of Judicial Council.