[Crim. No. 4036.   First Dist., Div. Two.   Dec. 18, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. EARL OSGOOD WEIRE, Defendant and Appellant.

Lucy E. Amerson, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Plaintiff and Respondent.

SHOEMAKER, J.—Defendant Weire appeals from a conviction of possessing marijuana in violation of section 11530 of the Health and Safety Code.

The record shows that the defendant was picked up in his car in the early morning hours, in the city of Santa Rosa, for

questioning in connection with a young parolee of the California Youth Authority. Defendant told several conflicting stories and was arrested by the police and charged with vagrancy. At 7 a. m. of the same morning, a report of burglary was received by the police that a wristwatch and three $2.00 bills had been taken from the Davis residence in Santa Rosa. The police questioned the parolee about the burglary and he told them that he had committed the crime while the defendant and a companion waited in the defendant's automobile outside the home, and that he had given the wristwatch to the defendant and divided the money with him and the other person.

The defendant, when questioned, stated that he had last seen the watch lying on the front seat of his car. He then offered to go and search the car and subsequently did so, in the company of Police Chief Flohr and Lieutenant Clark. After looking through the car for a few minutes, the defendant threw up his hands and stated that he could not find the watch but for the officers to go ahead and search the car themselves. As a result of this search, the officers found six marijuana cigarettes in a thermos bottle inside the defendant's trunk. The defendant was then brought out to the car and asked if everything in it belonged to him. He replied that everything in the car was his. Upon being shown the marijuana, he stated that it must have been planted.

Appellant now contends that the marijuana cigarettes should not have been introduced into evidence since they were obtained by an unlawful search and seizure. Appellant argues that the search was completely unrelated to his arrest for vagrancy and that there was no evidence whatever which could have led the police officers to suspect that appellant's vehicle contained contraband. Appellant further contends that the admissibility of the evidence cannot be predicated upon consent because the prosecution failed to carry their burden of proof and established only that appellant had given the officers a limited permission to search for the watch alone.

The evidence is clear that appellant freely consented to a search of his car. Lieutenant Clark testified that when appellant was unable to find the watch himself, he told the officers to "go ahead and search." Officer Gesek testified that he saw the defendant throw up his hands and tell the chief to search the car himself. Police Chief Flohr also testified that appellant had told him to "search it yourself." If a defendant freely consents to a search or voluntarily produces

142

evidence against himself, his constitutional rights are not violated and any search or taking of evidence pursuant to his consent is not unreasonable. (*People* v. *Michael* (1955) 45 Cal.2d 751, 753 [290 P.2d 852].) ■ It is a well settled rule that where a search is justified, the police officers need not blind themselves to contraband or ignore evidence unrelated to the crime of which the defendant is suspected. (*People* v. *Carella* (1961) 191 Cal.App.2d 115, 133-134 [12 Cal.Rptr. 446]; *People* v. *Myles* (1961) 189 Cal.App.2d 42, 46 [10 Cal.Rptr. 733].)

■ Although the fact of consent alone is sufficient to justify the search, the evidence also reveals that the police officers had probable cause to suspect that appellant's car contained stolen property. Under these circumstances, the officers would have been justified in searching appellant's car even had he refused his consent. (See *People* v. *Myles, supra,* at p. 47; *People* v. *Brajevich* (1959) 174 Cal.App.2d 438, 443 [344 P.2d 815].) The trial court did not err in admitting the marijuana into evidence.

■ Appellant next contends that the district attorney was guilty of prejudicial misconduct by repeatedly questioning appellant concerning prior acts of criminality for purposes other than impeachment and knowledge of the character of marijuana. The line of questioning to which appellant objects occurred after appellant had already testified on direct examination that he had been convicted of possessing marijuana in 1952. On cross-examination, the district attorney asked appellant how long he had been smoking marijuana in the past. Appellant replied that he had been smoking it for three or four months prior to his arrest in 1952. Appellant further stated that he had some marijuana on him at the time of that arrest. The district attorney then asked him whether this marijuana had been in bulk or cigarette form, to which appellant replied that he did not know since he had just purchased a bag of it prior to being arrested, and had not had a chance to look at it. Appellant was then asked whether the marijuana he had previously smoked was in the same form as the cigarettes found in his car. Appellant replied that the cigarette paper had been of a different color. The district attorney then asked appellant whether the type of paper used had any effect on the marijuana. At this point counsel for appellant objected to this line of questioning on the ground that it had already been established that appellant knew what marijuana was. Upon the sustaining of this objection,

the district attorney asked appellant whether he had been smoking marijuana at the time of his arrest in Santa Rosa. Appellant replied that he had not smoked marijuana since his arrest in 1952.

Appellant alleges that this line of questioning was designed solely to show his continuing criminality. The contention is not well founded. On the contrary, it is apparent to us that the district attorney's questions were designed to show that appellant had previously used marijuana and was thus familiar with the drug. In view of the fact that appellant had asserted that he did not know how the marijuana got into his car and that it must have been planted, it was certainly logical for the district attorney to show that appellant had used the drug before and that it was recognizable to him in the form of the cigarettes found in his car. Furthermore, it is difficult to see how prejudice could have resulted from these questions when the only act of ''criminality'' brought out was appellant's 1952 conviction, which had already been admitted by him during examination by his own counsel.

It is to be noted that appellant's counsel made only one objection to the district attorney's questions. At that point, counsel for appellant objected to an inquiry regarding the paper used in making the cigarettes. When this objection was sustained, the district attorney asked no further questions connected with the 1952 arrest, but merely asked appellant whether he had been smoking marijuana immediately prior to his arrest in Santa Rosa. ■ Where the harmful results of the district attorney's questions could have been obviated by appropriate instructions of the trial court, error may not be predicated on appeal unless an objection was made and the trial court was requested to instruct the jury to disregard the remarks. (*People* v. *Ross* (1960) 179 Cal.App.2d 684, 690 [4 Cal.Rptr. 73].)

In any event, the district attorney's questions were entirely proper under the circumstances. ■ In *People* v. *Cervantes* (1960) 177 Cal.App.2d 187, 190 [2 Cal.Rptr. 107], the court stated: ''Although it is the general rule that evidence of other crimes is not admissible, it is also well settled that where relevant to the issues of the instant case such evidence can be admitted. ■ Thus, in a narcotics case, evidence of other offenses of a similar nature is admissible to show the defendant's knowledge of the narcotic nature of the substance . . . In the present case, the defendant denied any knowledge of the marijuana sold or possessed on December 9

. . . It therefore became necessary for the prosecution to show that he was aware of the narcotic nature of the substance sold . . .'' ██ In the case at bar, appellant denied that he had ever seen the marijuana before and intimated that it had been placed in his car by two police officers. In view of this contention, the district attorney was not guilty of misconduct in asking appellant about his prior experiences with marijuana.

Appellant's final contention is that the district attorney was guilty of misconduct in his argument to the jury because he stressed continuing criminality and argued the matter of punishment. ██ Appellant's first objection is directed to a portion of the district attorney's opening argument to the jury. The district attorney there stated that appellant had ample reason to lie in order to avoid going to the ''joint'' again. ''I can't put it any better than he put it himself. Back in 1952 he got caught and he is going to go to the 'joint' again. That is what he's got to gain, to stop going to the 'joint.'. . . They found it there in the thermos bottle, and you can bet your bottom dollar he was good and angry, because as he said, this is the 'joint.' '' The district attorney was here commenting on testimony which was in evidence at the trial. Lieutenant Peck had testified that when he arrested appellant in 1952, appellant had said, ''Let's quit playing. . . . I am going back to the 'joint' on this.'' The district attorney was certainly entitled to present his theory that appellant had denied placing the marijuana in his car out of fear that he might be convicted and sent to prison.

██ Appellant next objects to the district attorney's comment that it seemed highly improbable that an unknown person had placed marijuana in the car of a man previously convicted for possession, and that this constituted a ''beautiful coincidence.'' Here again, the district attorney was merely attempting to cast doubt on appellant's story that he did not know how the marijuana had gotten into his car and that it must have been planted.

██ Appellant further objects to the district attorney's comment that appellant's possible motive for coming to Santa Rosa from Los Angeles was that ''things were getting too warm elsewhere,'' and that it seemed strange that appellant would choose to drive around at 3 o'clock in the morning with two boys much younger than himself. Once again, the district attorney was merely commenting on the facts in evidence which would tend to create suspicion as to appellant's activi-

ties. It is certainly within the range of permissible comment to point out that appellant's companions were much younger than himself and to suggest a possible motive for appellant's trip to Santa Rosa, in view of the fact that appellant testified he was employed in Los Angeles.

The rule is well established that the scope of permissible comment by a prosecuting attorney is an extremely broad one. In *People* v. *Planagan* (1944) 65 Cal.App.2d 371 [150 P.2d 927], the court, in discussing the district attorney's scope of comment, quoted the following passage from 4 Cal. Jur. 10-Yr. Supp., 1943 revision, page 767: " 'The permissible range of discussion of the merits of the case, both as to the law and the facts, is comprehensive. The attorney may discuss and argue questions of law, excuse or condemn the motives of actors, and advance any theory that finds support in the evidence. The credibility of witnesses may be assailed by him, if credibility has been impeached by evidence, by inconsistencies or incoherence of testimony, by the witness's manner of testifying, by the appearance of the witness while testifying, or by circumstances. . . . He may denounce a theory of the defense . . . In addressing the jury, the prosecuting attorney should restrict the scope of his statements to matters that are within the record. He should not attempt to evolve any theory or to introduce into the case any feature that is not fairly and reasonably justified by the evidence.' " (P. 407.) In the instant case, the district attorney's comments were clearly designed to cast doubt on appellant's credibility. In order to accomplish his purpose the district attorney pointed out that appellant had ample motive for lying and stressed the improbability of appellant's story that the marijuana had been planted in his car. The district attorney also indicated a possible reason for appellant's trip to Santa Rosa and remarked on the fact that appellant had been driving around in the early hours of the morning with two younger boys.

Judgment affirmed.

Kaufman, P. J., and Agee, J., concurred.