KAUFMAN, P. J.
 

 Defendant was charged by information with assault with a deadly weapon (Pen. Code, § 245) and offering a bribe of $3,000 to ministerial officers (Pen. Code, §67%). He was tried by a jury, acquitted on the assault charge, and found guilty as charged of the bribery. On this appeal from the judgment of conviction and the order denying his motion for a new trial, the only contention is that the trial court gave certain erroneous and misleading instructions to the jury.
 

 We turn first to the appeal from the order denying the motion for a new trial. The record indicates that the notice of appeal was filed on September 28, 1961. However, on September 15, 1961, the 1961 amendment (Stats. 1961, ch. 650) to section 1237 of the Penal Code became effective. This amendment abolished the appeal from an order denying a motion for a new trial in a criminal ease except in certain special circumstances which are not applicable here. Therefore, the appeal from the order denying the motion for a new trial must be dismissed as a nonappealable order under the new statute.
 

 As there are no contentions raised relating to the sufficiency of the evidence, a brief recital of the record in the light most favorable to the People will suffice
 
 (People
 
 v.
 
 Caritativo, 46
 
 Cal.2d 68, 70 [292 P.2d 513]). It appears that the defendant, on the evening of December 23, 1960, was a customer in a San Francisco bar. The defendant apparently made a remark which irritated the bartender and then slid a glass in the direction of the bartender which shattered against an ash tray at the other end of the bar. The defendant left the premises pursued by the bartender and another customer. The bartender and one eyewitness testified that the defendant took a gun and pointed it at the bartender. Defendant testified he merely pointed his finger at the bartender. Defendant was
 
 *563
 
 pursued by a policeman together with a patron o£ the bar. At the time of the apprehension, the police officer removed a gun from inside the defendant’s coat. The police officer then brought the defendant back to the bar and was attempting to get his name when defendant, in a very low voice, said: “I have $500 in my pocket. If you’ll walk out the door with me, I’ll give you the $500 and you let me go.” The officer then told the defendant he could not do that and turned him over to other officers who had been summoned. En route to the police station in the patrol car with the two officers, the defendant offered each of the officers $1,000 if they would let him go, indicating he had the money in his pocket. Defendant repeated the offer several times more during the ride to the station. When they arrived at the station, the defendant’s handcuffs were removed and he was told to place all his property on the counter. The defendant put over $3,000 in cash on the counter, together with about $190 in money orders and in the presence of the booking officer, as well as the two officers who had accompanied him in the car, offered each of the men $1,000 to let him go. He pushed the pile of money toward the booking officer, who refused.
 

 All of the police officers, as well as the customers of the bar, testified the defendant was sober at the time of the above incidents. Defendant took the stand and testified he had been drinking since about one in the afternoon and claimed he was pretty far gone. He also denied any serious intent to offer a bribe to any of the officers and said he was merely joking.
 

 As indicated above, the only contentions on appeal relate to certain allegedly erroneous and prejudicial instructions to the jury on the specific intent required for bribery and on a voluntary intoxication. The record indicates the trial court gave the following instructions: “Every person who gives or offers as a bribe money to any ministerial officer, employee or appointee of the State of California, or of any county or city therein, or political subdivision thereof, is guilty of a criminal offense.
 

 “Under the law of this State, a person holding the position of a police officer is a ministerial employee of the City and County within the State of California.
 

 “The word ‘bribe’ signifies anything of value or advantage, present or prospective, or any promise or undertaking to give any such thing, asked, given, or accepted, with a corrupt intent to influence unlawfully the person to whom it is given, in
 
 *564
 
 this action, vote or opinion in any public or official capacity.
 

 “To constitute the offense of offering a bribe, it is not necessary that any particular language or words be used, provided that the language used, viewed in the light of the attending circumstances, is such as to clearly show that a bribe is being offered.
 

 “The offer need not go to the extent of an actual tender or presentation or showing of the bribe. Nor is it necessary that the thing offered as a bribe has a present existence or a definite or ascertained value.”
 

 The instructions on intoxication were: “Our law provides that no act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive, or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, the motive, or intent with which he committed the act.
 

 “This means that drunkenness, if the evidence shows that the defendant was in such a condition when allegedly he committed the crime charged, is not of itself a defense in this case. It may throw light on the occurrences and aid you in determining what took place, but when a person in a state of intoxication, voluntarily produced by himself, commits a crime such as that charged against the defendant in this case, the law does not permit him to use his own vice as a shelter against the normal legal consequences of his conduct.
 

 “Voluntary intoxication is not a defense to a charge of assault with a deadly weapon.
 

 “However, insofar as the condition of the defendant may have a bearing on the questions of what took place, whether or not he attempted to commit a violent injury upon the person of another, and whether or not he then had the ability to accomplish such injury, his condition as affected or not affected by the use of intoxicating liquors, may be considered with all other evidence.
 

 “In every crime or public offense there must exist a union or joint operation of act and intent. The intent or intention is manifested by the circumstances connected with the offense charged, and the sound mind and discretion1 of the accused person. The accused, under our system of jurisprudence, is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, is entitled to an acquittal.”
 

 
 *565
 
 Defendant, relying on
 
 People
 
 v.
 
 Zerillo,
 
 36 Cal.2d 222 [223 P.2d 223], argues that the giving of the general union of act and intent instruction is error in a case involving a specific intent crime like bribery. This was clearly the holding of
 
 Zerillo
 
 and several other cases (see
 
 People
 
 v.
 
 Barkoff,
 
 163 Cal.App.2d 639, 648 [329 P.2d 1005]). In the
 
 Zerillo
 
 ease, however, the court said that the jury was not misled by the failure to clarify the general instruction because the jury was repeatedly instructed that the offer of a gratuity to an officer was not a crime unless the act of giving or offering was coupled with a corrupt intent to influence the recipient in the discharge of his duty. The record in the instant case indicates that the matter of the specific intent required for the offense of bribery was mentioned in the court’s initial definition of the offense. It has been held that when a jury is told the significance of the word “bribe” in the proper language of California Jury Instructions, Criminal, No. 772, which was here read, that this language in effect directs the jury to ascertain whether the bribe was given with a corrupt intent
 
 (People
 
 v.
 
 Finkelstin,
 
 98 Cal.App.2d 545, 560 [220 P.2d 934]).
 

 The only question is whether the instructions were clear enough on the matter of specific intent. Defendant argues that because of the conflicting evidence as to the extent of his intoxication, the general intent instruction given with the instructions relating to voluntary intoxication was particularly prejudicial. We do not think that this aspect of the instruction was a prejudicial one as the defendant’s defense was not one of voluntary intoxication but rather one of denial of guilt. He repeatedly testified that on each occasion when he offered money to a police officer, he was only kidding. It was for the jury to weigh the evidence and apparently they believed he was serious.
 

 Under the facts of this case, the jury could not have been misled because the only question was whether the defendant’s story or the police officers’ story was true. The jury believed the prosecution witnesses. We hold no prejudice resulted.
 

 Judgment affirmed. Appeal from order denying motion for new trial dismissed.
 

 Shoemaker, J., and Agee, J., concurred.
 

 A petition for a rehearing was denied July 24, 1962, and appellant’s petition for a hearing by the Supreme Court was denied September 5, 1962,