[Crim. No. 9767.   Second Dist., Div. Two.   Nov. 18, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT
SEDACCA, Defendant and Appellant.

Grant E. Propper, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Bradley A. Stoutt, Deputy Attorney General, for Plaintiff and Respondent.

ROTH, P. J.—Appellant was charged with two counts of possession of narcotics: Count I, alleged violation of Health and Safety Code, section 11530 (marijuana) and Count II, violation of Health and Safety Code, section 11500 (peyote). A jury found appellant guilt on Count I and not guilty on Count II. He appeals from the judgment and from the order denying his motion for a new trial.

On April 9, 1963, Guy M. Walker, a special investigator for the Division of Investigation, Professional and Vocational Standards, State of California, in the company of two Los Angeles police officers, went to appellant's residence to serve an arrest warrant. Appellant answered the officers' knock and admitted them to the premises when the arrest warrant was shown to him. Appellant was then placed under arrest and a search was made of the premises. The search uncovered a box containing marijuana hidden in a hallway linen closet.

Another cardboard box containing peyote and other drugs was found in a hallway closet.

During the search one of the police officers was assigned the role of watching appellant. This officer testified that after the box containing the marijuana was discovered in the linen closet, it was placed on the living room floor and that he saw appellant walk over to the box and kick it out of sight under a small table. Cross-examination of the officer revealed that he was turned from appellant at the time he saw this maneuver.

Appellant testified that he rented out the rooms of his house, that the house was actually three separate living units; and that the unit searched had been unoccupied since August 1962. He explained the presence of the drugs in the hall closet on the basis that he had collected these in the process of cleaning up the unit which was searched and had put them in the closet in case the tenant returned. He testified that he was not shown the box containing the marijuana by the officers and had never seen it before; and although he used the closet where the marijuana was found once a week or so, he had never emptied or cleaned it out.

Appellant was represented by counsel throughout the trial. He appeared originally before this court in pro per. On the court's suggestion and with appellant's consent, counsel was appointed to represent him. Many questions of error, most of which are outside the scope of the record, are raised. Such alleged errors do not warrant consideration and will not be

considered on this appeal.[1] (*People* v. *Sorrentino*, 146 Cal. App.2d 149, 157 [303 P.2d 859]; *People* v. *Jablon*, 165 Cal.App.2d 348, 350 [331 P.2d 772]; Witkin, Cal. Criminal Procedure (1963) 666.)

Four of the contentions raised merit discussion.

Appellant contends that the evidence is insufficient to support his conviction.

█ A conviction under Health and Safety Code, section 11530 must be sustained where the evidence, either direct or circumstantial, establishes that the accused exercised dominion and control over the contraband, had knowledge of its presence, and that he had knowledge that the material was a narcotic. (*People* v. *Groom*, 60 Cal.2d 694, 696 [36 Cal.Rptr. 327, 388 P.2d 359].)

█ The evidence adequately established that appellant had dominion and control over the premises where the marijuana was found. Appellant's knowledge of the presence of the box and of the narcotic nature of its contents was inferable from the testimony of the police officer that appellant attempted to hide the box containing the marijuana after it was discovered.

Appellant urges that the search of the house was an illegal search and seizure.

█ The officers went to appellant's residence to serve an arrest warrant. After it was served, appellant consented to a search of the premises. In addition, appellant failed to object to the admission of the evidence obtained during the search. Such failure precludes his raising the issue for the first time on appeal. (*People* v. *Richardson*, 51 Cal.2d 445, 447 [334 P.2d 573].)

█ Interlaced with this argument appellant urges that because of trial counsel's misconception of the law as it applied to the taking of evidence in respect of probable cause for the issue of the arrest warrant, he was denied his constitutional right to "effective aid in the preparation and trial of the case." (*Powell* v. *Alabama*, 287 U.S. 45, 71 [53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527].)

During the course of the prosecution's direct examination of Guy Walker, the following occurred: "Q. Now, Mr.

[1]One ground urged by appellant is that he was unlawfully held to answer the charges. However, appellant does not include the transcript of the preliminary hearing, and at his trial appellant waived any contention as to the presence of probable cause to arrest appellant.

Walker, I call your attention to the 9th day of April of this year. Did you have occasion to obtain some type of legal document on that day? A. I didn't obtain it on that day. I obtained it the day before.''

At this point counsel approached the bench. A lengthy colloquy occurred. It was made emphatically clear to the trial court that appellant objected to any evidence concerning the grounds for issuance of the arrest warrant, the reason advanced being that any such evidence, if heard by the jury, would be prejudicial to him. Appellant stated to the trial court that probable cause was not and would not be made an issue in the case. Respondent indicated that he had no intention of delving into the grounds for the warrant, and was only attempting to show the Jury that Mr. Walker and the police had a good reason for going to the premises. The trial court ordered respondent proceed without taking evidence on probable cause.

Appellant now states that the aforementioned discussion demonstrates a grave error made by his trial counsel, since admissibility and sufficiency of evidence for issuance of the arrest warrant was a question of law for the court and could not legally be heard by the jury in any event. (*People* v. *Gorg*, 45 Cal.2d 776, 780 [291 P.2d 469].)

Appellant argues that this error on the part of trial counsel infected the search and seizure of the evidence on appellant's premises.

Appellant cites *People* v. *Ibarra*, 60 Cal.2d 460 [34 Cal. Rptr. 863, 386 P.2d 487], to support his contention. In *Ibarra*, the conviction was reversed because defendant's trial counsel had failed to object to the admissibility of narcotics evidence, thinking that defendant's denial that the evidence was in fact taken from him precluded such an objection.

The court in *Ibarra* pointed out that this was not the law and that the evidence in dispute was in fact illegally obtained; that trial counsel should have known the law on the subject and by failure to object, had in effect omitted a solid defense. ■ ''To justify relief on this ground'', the court said at page 464, '' 'an extreme case must be disclosed.' [Citations.] It must appear that counsel's lack of diligence or competence reduced the trial to a 'farce or a sham.' '' Under the circumstances of that case, the court held that these requirements were met. (*People* v. *Ibarra*, *supra*, pp. 465-466.)

In the case at bench, an "extreme case" is not shown. The record does not show that the arrest warrant was illegally issued or that the evidence in respect of narcotics was not legally obtained. Taking all inferences in favor of appellant, the record does indicate that counsel erroneously thought the evidence in respect of reasonable cause to issue the arrest warrant could be heard by the jury. It is equally inferable that counsel knew such evidence was not for the jury's ears, and that he considered evidence of probable cause, even in the form of background material, to be immaterial, since in any event no issue of reasonable cause existed. He therefore took steps outside the hearing of the jury to ensure that adverse evidence concerning the grounds for the issuance of the warrant did not reach the jury in any collateral form. On the record before us the tactic of appellant's trial counsel was not prejudicial.

Appellant next contends that the testimony of Officer Karwoski, who testified that he saw appellant kick the box of marijuana under the table, even though he was turned from appellant at the time, is inherently improbable.

It is well settled that " 'Although an appellate court will not uphold a judgment or verdict based upon evidence inherently improbable, testimony which merely discloses unusual circumstances does not come within that category. . . . To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions. . . . Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the . . . jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. . . .' [Citations.]" (*People* v. *Penrice*, 195 Cal. App.2d 360, 363 [15 Cal.Rptr. 733].) The evidence in this case does not present such an inherent improbability. It is logically inferable from Karwoski's testimony that although turned from appellant, he saw appellant's motions out of the corner of his eye, or hearing the impact of foot against box when appellant kicked it under the table, he concurrently turned his head and saw the box slide under the small table.[2]

[2]Officer Karwoski testified: "Q. And he kicked that somehow from out of this pile of goods, you say? A. Yes. Q. And how close were you to him when he did this? A. Two or three feet away. Q. Did you have

██ Finally, appellant contends that the verdicts of the jury are inconsistent citing *People* v. *Puppilo*, 100 Cal.App. 559 [280 P. 545]. In *Puppilo*, the court held that where the evidence shows that only one offense has been committed, but two counts are charged, and the jury brings in a verdict of not guilty on one count, such verdict acts as an acquittal of the other count. (Cf. *People* v. *Horowitz*, 131 Cal.App.Supp. 791 [19 P.2d 874].)

The evidence, however, did not reveal, as was true in *Puppilo*, that one offense had been broken down into separate counts. On the contrary, the evidence clearly established that each count was based on different narcotics and on different surrounding circumstances. (*People* v. *Amick*, 20 Cal.2d 247 [125 P.2d 25] ; Pen. Code, § 954.)

The appeal from the order denying a new trial is dismissed.[3] The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.

---

your back turned toward him? A. I was turned from him, yes. Q. You were turned from him? A. Yes. Q. And did you actually see this kicking motion or did you notice this box appear to be in a different position when you turned back? A. I saw him do it. Q. You saw him do it? A. Yes. Q. Where did he kick the box to? A. Under the table. Q. How close was the table to this pile of debris? A. A foot or less.''

[3]Penal Code, section 1237 (*People* v. *Britton*, 205 Cal.App.2d 561, 562 [22 Cal.Rptr. 921]).