[Crim. No. 4079. Third Dist. July 24, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. EDISON R. WOMACK, Defendant and Appellant.

Jack L. Odbert, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Raymond M. Momboisse and Theodore T. N. Slocum, Deputy Attorneys General, for Plaintiff and Respondent.

PIERCE, P. J.—Defendant was charged with escape from a state prison, also with one count of robbery, two counts of kidnaping and 12 prior convictions. He admitted five of the "priors," denied the others. The jury found defendant

guilty of the robbery charge, the two counts of kidnaping and found seven of the prior convictions to be true.[1] During the trial defendant withdrew his not guilty plea to the charge of escape and pleaded guilty thereto. He was adjudged an habitual criminal under Penal Code section 644, subdivision (a).

The questions discussed below are: (1) Was an extrajudicial statement properly admitted into evidence with adequate warning? (2) Did the prosecuting attorney commit prejudicial misconduct in his opening argument? (3) Does the record show that the court committed error in failing to determine the constitutionality of any of defendant's prior convictions? (4) Did the court commit error in ordering certain counts to run concurrently with each other but consecutively with reference to unexpired terms?

On October 10, 1965, defendant, who shortly before had escaped from the state prison at Vacaville, armed with a loaded sawed-off shotgun and a knife, held up Henry Davenport as the latter was standing by his trailer in the Westgate Trailer Court in Yolo County, across the river from Sacramento. He caused Davenport to enter the trailer, required him to supply him with clothing and money. Defendant drew the knife, showed it to Davenport and put it in his belt. When Davenport's wife arrived at the trailer, defendant held the couple captives, although he allowed Mrs. Davenport to leave briefly to visit neighbors, Mr. and Mrs. Cooper. Before such permission, however, threats were made by defendant to the Davenports that he would kill or harm them if the police were notified. Defendant then caused the Davenports and Cooper to drive him in the Davenport's car to Sacramento. After they left Mrs. Cooper called the Sacramento police who stopped the group as they were driving along a Sacramento street. Defendant was arrested.

 During the trial a statement made by defendant during an interrogation by the district attorney was admitted into evidence. Admission was preceded by a *voir dire* examination outside the jury's presence during which the interrogating attorney testified he had, before questioning defendant,

---

[1] The ''priors'' charged were: an Oregon burglary, April 1937, denied, found true by jury, but not included in sentence, being a possible misdemeanor; conviction of three separate charges of first degree robbery, October 1938, Kern County (admitted); one conviction, July 1943, San Francisco, possession of gun by felon (admitted); seven convictions of separate charges of first degree robbery and burglary, April 1947, Sacramento County (first count admitted, others denied) found true, included in sentence.

advised him of his absolute right to remain silent and to have an attorney representing him present. Defendant, who testified during this *voir dire* examination outside the presence of the jury (but not in his own defense at the trial), admitted that he had been so advised. The warning was adequate and there was an intelligent waiver of counsel under the rules prescribed in *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]. The trial was before *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], laying down stricter requirements not here applicable. (*People* v. *Rollins,* 65 Cal.2d 681 [56 Cal.Rptr. 293, 423 P.2d 221].)

The prosecuting attorney's argument condemned by defendant as misconduct was not. Defendant had refused an assigned attorney and insisted upon representing himself in propria persona (although he was assisted at the trial by the public defender and accepted that assistance). The district attorney, arguing first, knew defendant would follow (defendant had so asserted[2]) and also knew that at the trial defendant's sole defense was that all of the acts of the Davenports had been acts of kindness and not done through fear. (See fn. 2.) Anticipating such an argument (which in fact was made) the prosecuting attorney said: ". . . I just wish he would ask you—I know he is going to say these people are people who made fast friends with him and didn't think a thing of the shotgun and knife, but if that's his theory, let him explain to you whether, if a man comes into a liquor store with a gun and a clerk is on duty in that liquor store, and he holds that gun—a sawed off shotgun on that person and says 'I want your money,' whether or not when that person gives him that money, that's theft or if that's robbery. I ask Mr. Womack to answer that question for you—"

A prosecutor, although he must be fair and not depart from the record's evidence, is permitted a broad scope in argument.

[2]Midway through the trial defendant (outside the presence of the jury) had asked the court if he could not in his argument to the jury "bring out a few points that might not be in evidence." The court explained his constitutional right not to testify but also pointed out that if defendant in argument sought to bring in matters not in evidence an objection thereto would have to be sustained. During a colloquy lasting through several pages of the transcript, defendant made it clear he was going to argue his defense and enumerated a number of the subjects he intended to discuss. Also in cross-examination of Davenport and later when he called the latter as his own witness, defendant through long and involved questions, which were actually statements, sought to bring out that Davenport and he had established a rapport and spirit of camaraderie during the incident in the trailer.

(*People* v. *Weire*, 198 Cal.App.2d 138, 145 [17 Cal.Rptr. 659].) He may denounce any defense propounded and may comment dispassionately upon the defendant personally. (*People* v. *Reznick*, 75 Cal.App.2d 832, 841 [171 P.2d 952].) He may use illustrations which fairly point up his argument. (*People* v. *Kynette*, 15 Cal.2d 731, 757 [104 P.2d 794].) There was no comment proscribed by *Griffin* v. *California*, 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229], or by *Chapman* v. *California* (Feb. 20, 1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824]. When a defendant who does not testify represents himself and it is known, as it was known here, that he intends to argue his case, it is not improper for the prosecutor to assume that such argument will encompass the contentions of the defense and he may comment on that defense. A distinction necessarily must be made between a prosecutor's comment on that which a defendant states, or can be assumed to be about to state, as his own advocate and comment upon his exercise of his testimonial privilege against self-incrimination. It is the latter which the *Griffin* and *Chapman* cases prohibit, not the former. (Cf. *People* v. *Garrison* (filed by this court July 11, 1967) *ante*, p 511 [60 Cal.Rptr. 596].)

Of the prior convictions charged, defendant admitted three Kern County first degree robbery convictions in 1938. He also admitted a first degree robbery conviction in Sacramento County in April 1947. On appeal defendant now invokes *In re Woods*, 64 Cal.2d 3 [48 Cal.Rptr. 689, 409 P.2d 913]; *In re Luce*, 64 Cal.2d 11 [48 Cal.Rptr. 694, 409 P.2d 918]; and *In re Tucker*, 64 Cal.2d 15 [48 Cal.Rptr. 697, 409 P.2d 921]. The aggregate of the principles stated in these three decisions may be epitomized: Where a defendant's status as a habitual offender, or the truth of a prior conviction charged, depends upon such prior conviction's validity and such validity in turn rests upon whether such defendant, unrepresented by counsel, was adequately advised of his right to such representation and his intelligent waiver thereof, and where lack of advice and intelligent waiver is *sufficiently* raised in a petition for a writ of habeas corpus, it is incumbent upon the state to show adequate advice and an intelligent waiver.

 The principle stated is inapplicable here as to the convictions mentioned. This is an appeal. Defendant had admitted these ''priors.'' The record therefore is silent on all elements embraced within the *Woods-Luce-Tucker* rule since the prosecution did not have to prove them. Defendant merely asserts for the first time on direct appeal the rule's applica-

bility. It is not enough. It is fundamental that the function of an appellate court in reviewing a cause on appeal is limited to a consideration of matters of record. Matters not therein cannot be considered. *In re Woods, supra, In re Luce, supra,* and *In re Tucker, supra,* are inapplicable. (*People* v. *Merriam* (Apr. 1967) 66 Cal.2d 390, 396 [58 Cal.Rptr. 1, 426 P.2d 161].[3])

Defendant, insofar as the record before us is concerned, was correctly found to be an habitual offender under Penal Code section 644, subdivision (a), conviction of a crime of the categories included thereunder, with two previous convictions for a crime of such categories and separate terms served in a state prison, i.e., he had served a separate term for the three admitted Kern County convictions (robbery, first degree) and another separate term for the seven Sacramento County convictions (robbery and burglary), one of which he admitted (robbery, first degree).

Defendant denied all but the first of the Sacramento prior convictions. (See fn. 1.) The case was tried November 2, 1965. That was more than two months before the *Woods-Luce-Tucker* decisions were issued on January 26, 1966. No authority has been referred to us applying the *Woods-Luce-Tucker* principle to a direct appeal involving a denied ''prior.'' On this appeal, however, we do not reach any of the several questions which might become relevant with reference to such appeals (whether of cases tried before or after *Woods-Luce-Tucker*). The reason we do not reach such questions is because defendant in the appeal before us has admitted in a personal affidavit lodged with this court that he *was* represented by an attorney in all the denied prior conviction cases. (He states he was inadequately represented but that is a question not before us on this record.) Even were we to assume that the *Woods-Luce-Tucker* principle is applicable on a direct appeal, it would be a useless act to remand the cause to the trial court

---

[3]*People* v. *Merriam, supra,* does not mention *People* v. *Ebner,* 64 Cal.2d 297, where the court observes on page 305 [49 Cal.Rptr. 690, 411 P.2d 578]: ''. . . We cannot determine on the basis of the record before us whether defendant's Arizona conviction of burglary can support an adjudication of habitual criminality.'' The court, therefore, returned the cause to the trial court to ascertain whether or not there had been a deprivation of the constitutional right to counsel in said Arizona proceedings. *People* v. *Shanklin,* 243 Cal.App.2d 94 [52 Cal.Rptr. 28], citing *Ebner* (on p. 101) and following its seeming mandate (on p. 102), remanded the case to the trial court to make the determination required in *Woods, Luce, Tucker.* In *Merriam,* (at p. 398 of 66 Cal.2d) the *Shanklin* decision was expressly disapproved. We, therefore, follow *Merriam.*

for hearing and findings on a fact which defendant now admits to us in a sworn statement.

The judgment, however, must be modified. The trial court ruled that the three convictions on the charges for which defendant was being tried (robbery and the two kidnapings) were to run consecutively to any uncompleted terms defendant was then serving. The Attorney General properly concedes this was error because defendant when he escaped was serving a life term and in such a case it is mandatory that the sentences for other crimes must run concurrently with the life terms. (*People* v. *Pearson,* 150 Cal.App.2d 811, 822 [311 P.2d 142].) This does not necessitate a reversal of the judgment for further proceedings. This court can make the necessary modification.

The last sentence of the judgment herein is amended to read as follows:

"It is ordered that sentences shall be served in respect to one another as follows Counts One, Two and Three of Amended Indictment No. 3045 and for Indictment No. 3044 shall run concurrently each with the other and in respect to any prior incomplete sentences as follows: Counts One, Two and Three of Amended Indictment No. 3045 and for Indictment No. 3044 shall run concurrently with any prior incompleted sentences from any other jurisdictions."

As so modified the judgment is affirmed. The appeal from the order denying defendant's motion for new trial is dismissed as such order is not appealable. (Pen. Code, § 1237; *People* v. *Britton,* 205 Cal.App.2d 561, 562 [22 Cal.Rptr. 921].)

Friedman, J., and Regan, J., concurred.

A petition for a rehearing was denied August 23, 1967, and appellant's petition for a hearing by the Supreme Court was denied September 21, 1967.