[Crim. No. 4752.    Third Dist.    May 9, 1968.]

In re EDISON R. WOMACK on Habeas Corpus.

74

Thomas C. Lynch, Attorney General, Edward A. Hinz, Jr., and James T. McNally, Deputy Attorneys General, for Respondent.

BRAY, J.*—Petition for writ of habeas corpus challenging judgment adjudging petitioner to be an habitual criminal.

QUESTIONS PRESENTED

1. May petitioner challenge a judgment obtained approximately 30 years before on ground of alleged coercion by district attorney?

2. Did petitioner by admitting in 1965 his prior conviction waive his right to challenge the prior judgment because of alleged lack of counsel?

3. Was petitioner advised of his constitutional rights and did he waive them at the time of the 1938 judgment?

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

RECORD

On November 18, 1965, judgment of conviction of violation of section 4530, subdivision (b), of the Penal Code (escape) was entered against petitioner in the Yolo County Superior Court. On the same day and in the same court, judgment of conviction after jury trial of first degree robbery and of two counts of kidnaping was also entered against him. At the same time he was adjudged an habitual criminal within the meaning of Penal Code section 644. Sentences for the convictions were ordered to run concurrently each with the other.[1]

Petitioner had some 12 prior convictions. However, the convictions upon which the habitual criminal determination was based were: (1) conviction in Sacramento County of three counts of robbery and four counts of burglary; (2) conviction on October 21, 1938, in the Kern County Superior Court of three counts of robbery. It is this conviction only which petitioner here challenges. (For brevity it will be referred to as the 1938 conviction.)

Petitioner contends that the trial court erred in considering that conviction in adjudging him on November 18, 1965, an habitual criminal for the following reasons: (1) that the 1938 conviction was obtained on a guilty plea by him coerced by the district attorney, and (2) that he was denied the benefit of counsel at that time.

■ · As to (1) it is too late to consider the alleged coercion. Petitioner merely alleges the bald conclusion that he was coerced by the district attorney to enter the guilty plea and sets forth no facts to support such conclusion. Thus, he has not made the allegations necessary to invoke the constitutional inquiry under the principles announced in the cases upon which he relies. (See 24 Cal.Jur.2d; § 78, p. 544.) Moreover, approximately 30 years have elapsed since the entry of that plea and the judgment of conviction thereon. The validity or invalidity of the prior conviction depends upon the legal effect of determination of facts existing some 30 years ago. Obviouslly, it would be practically impossible after that lapse of time to investigate the petitioner's charge or the then facts. As said in *In re Streeter* (1967) 66 Cal.2d 47, 52 [56 Cal. Rptr. 824, 423 P.2d 976], concerning the failure of the petitioner for about 23 years to raise his claim that his confession was secured by coercive methods: "[O]f necessity, there must

---

[1]Petitioner's convictions were affirmed by this court July 24, 1967. (*People* v. *Womack*, 252 Cal.App.2d 761 [60 Cal.Rptr. 870].)

be some practical limit to the period in which the power to investigate is excused.''

Petitioner in the instant case has set forth no adequate reason why he has delayed for such great length of time to raise the issue of coercion.[2]

■ (2) Effect of his admission of the prior conviction: At his trial in 1965 petitioner represented himself with the public defender acting as advisor. He admitted one and denied six convictions occurring at a trial in Sacramento County in 1947. He denied a 1937 Oregon conviction. He admitted the 1938 conviction (see *People* v. *Womack, supra,* 252 Cal.App.2d 870). Petitioner contends that he was not afforded counsel at any stage in his 1938 conviction and therefore this conviction was improperly used in determining habitual criminality. *Gideon* v. *Wainwright,* 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733], holds that a conviction, where the defendant has not been advised of his right to counsel, provided with nor waived his right to counsel, may not be used in determining a defendant to be a habitual criminal. Subsequent cases have held that the *Gideon* rule must be applied retroactively. Petitioner relies on *In re Woods* (1966) 64 Cal.2d 3 [48 Cal.Rptr. 689, 409 P.2d 913], and *In re Tucker* (1966) 64 Cal.2d 15 [48 Cal.Rptr. 697, 409 P.2d 921], which hold that by admitting prior convictions the defendant does not waive his right to later challenge the priors on ground of denial of counsel. In both *Woods* and *Tucker* the defendant at the time of the determination of his habitual criminality had admitted the priors, but in each instance such admission was made (*In re Woods* in 1959; *In re Tucker* in 1953) before the *Gideon* rule was laid down, and hence at the time of such admission the respective defendants could not know of the right to challenge the prior conviction based upon *Gideon.* As said in *Woods* concerning the petitioner's admission of the priors, ''Neither petitioner nor his then counsel can be held accountable for failing to raise objections which could only be sustained by reference to cases yet to be determined.'' (Pp. 7-8.) A reasonable inference from

---

[2]In answer to specification in the Judicial Council's approved form of petition for writ of habeas corpus which requires that there be set forth ''the ground and state concisely the reasons why such ground has not previously been presented,'' petitioner states: ''Being as petitioner is a layman at law he has never been able to present his petitions in the proper manner, and because of the loss of part of petitioner's records he can not fully answer this question, *but believes he has no.*'' (Italics added.)

this statement is that a defendant and his counsel can be held accountable for failing to raise objections *after* the time of *Gideon*. The case at bench can be distinguished from both *Woods* and *Tucker* in the fact that contrary to the situation in those cases the failure to object to the prior conviction was after *Gideon* and after defendant and his counsel were aware of the *Gideon* rule.

The determination of petitioner's habitual criminality was made November 18, 1965. *Gideon* was decided before that. Having required the prosecution to prove the Oregon conviction, petitioner knew that he could deny his prior conviction and require the prosecution to prove it. He also knew that a conviction obtained in the absence of counsel, or a waiver of counsel, could not be used in determining habitual criminality. This is shown by the fact that on April 16, 1965, he brought a proceeding in the United States District Court for the Northern District of California, Northern Division, entitled "In the Matter of EDISON R. WOMACK, Petitioner vs. THE STATE OF OREGON, and THE STATE OF CALIFORNIA," in which he alleged that his conviction in Oregon on April 28, 1937, of burglary was void, among other reasons because his attorney was not present at the time of sentencing and judgment. Among other authorities cited by him in connection with his petition in that proceeding is *Gideon*. That proceeding was more than six months prior to the time he admitted in the Yolo County Superior Court the 1938 conviction. He did not raise the question of the validity of the conviction but admitted it, thereby waiving his right to question its validity. Petitioner has in no way negated the fact that when, after his federal court experience, he admitted in the Yolo County Superior Court the 1938 conviction he knew of his right to challenge that conviction because of alleged denial of counsel.

3. Petitioner was advised of his constitutional rights at the 1938 conviction and waived them. ▪ The burden of showing that he neither was represented by counsel nor waived his right to such representation is on the person attacking the prior conviction. (*People* v. *Merriam* (1967) 66 Cal.2d 390, 398 [58 Cal.Rptr. 1, 426 P.2d 161].) The "STATEMENT ON SENTENCE AND HISTORY OF THE CRIME" filed by the judge who presided at the trial resulting in the 1938 conviction shows that petitioner was informed by the court of his right to counsel and to have the court employ one if the petitioner was unable to do so. On being informed that the

court would grant any reasonable delay which petitioner might require or that he could proceed at once without counsel, petitioner stated that he desired to proceed. Thus, he waived his right to counsel.

▇ The waiver of counsel must be an intelligent waiver. (*In re Johnson* (1965) 62 Cal.2d 325, 334 [42 Cal.Rptr. 228, 398 P.2d 420].) In that case the court (at p. 335) quoted from *Johnson* v. *Zerbst* (1938) 304 U.S. 458, 464 [82 L.Ed. 1461, 1466, 58 S.Ct. 1019, 146 A.L.R. 357]. " 'The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, *upon the particular facts and circumstances surrounding that case,* including the background, experience and conduct of the accused.' (Italics added.)" ▇ That defendant's waiver of counsel in the 1938 conviction was intelligently and understandingly done is shown by a number of circumstances. First, in the trial of the Oregon case prior to that resulting in the 1938 conviction, petitioner, although the court had appointed an attorney for him who represented him in some of the proceedings, elected to plead and be sentenced in the attorney's absence. When arraigned in the justice court in Kern County three days before his conviction by the superior court in 1938, petitioner, after being informed of his right to an attorney, stated that all he wanted was to see an attorney for about 10 minutes "and then we can get this all over with, just finish this all up." On the prosecutor suggesting that perhaps the court could tell petitioner what he wanted to know, petitioner then agreed. A conference was had between the judge and petitioner and his codefendant, and thereafter the judge asked the defendants if they wished to make a statement concerning the charges against them and if their statements were free and voluntary. Both said they so wished and that the statements were free and voluntary. Petitioner's experience and his acts in the Kern County courts show that he intelligently and understandingly waived his right to counsel. Moreover, in his petition here, he has not alleged that he did not intelligently waive his right to counsel. All he says in his petition is that he did not have counsel at the 1938 conviction. Counsel was available to him but was refused. He, therefore, has the burden of proving lack of intelligent waiver. (*People* v. *Pineda* (1967) 253 Cal.App.2d 443, 479 [62 Cal.Rptr. 144].) He has not met that burden.

". . . One seeking to challenge prior convictions charged against him may do so only through a clear allegation to the

effect that, in the proceedings leading to the prior conviction under attack, he *neither was represented by counsel nor waived the right to be so represented.*" (*People* v. *Merriam, supra,* 66 Cal.2d 390, 397.)

The order to show cause heretofore issued is discharged and the petition for writ of habeas corpus is denied.

Pierce, P. J., and Regan, J., concurred.

A petition for a rehearing was denied June 6, 1968, and the petitioner's application for a hearing by the Supreme Court was denied July 3, 1968.