**Edison R. WOMACK, Petitioner-Appellant,**

v.

**Walter E. CRAVEN, Warden, Respondent-Appellee.**

**No. 24132.**

United States Court of Appeals, Ninth Circuit.

Sept. 22, 1970.

Rehearing Denied Oct. 22, 1970.

Dean L. Bender (argued), San Francisco, Cal., for petitioner-appellant.

Daniel Kremer (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., Sacramento, Cal., for respondent-appellee.

Before MERRILL and CARTER, Circuit Judges, and THOMPSON,* District Judge.

JAMES M. CARTER, Circuit Judge.

Appellant, an inmate of Folsom State prison, sentenced as an habitual offender and serving various consecutive sentences, petitioned for a writ of habeas corpus which was denied without hearing by the district court. Essentially he claims that a conviction on November 18, 1965, in the California State Superior Court in Yolo County, for robbery and kidnapping, adjudged him an habitual criminal based upon prior convictions in 1938 and 1947.[1] His attack is on the

---

* Honorable Bruce R. Thompson, United States District Judge District of Nevada, sitting by designation.

1. Actually petitioner has 12 prior convictions; a 1937 conviction from Oregon for burglary, possibly a misdemeanor;

3 counts of robbery, 1st degree from Kern County, California on October 31, 1938; a conviction in 1943 from San Francisco County for an ex-convict in possession of a gun; and 7 convictions from Sacramento County in 1947, 4 for robbery and 3 for burglary.

1938 conviction out of Kern County for robbery in the first degree. The 1965 conviction was affirmed in People v. Womack (1967) 252 Cal.App.2d 761, 60 Cal.Rptr. 870. A petition for writ of habeas corpus to the State courts resulted in denial of relief, In re Womack, (1968) 262 Cal.App.2d 73, 68 Cal.Rptr. 352.

The district court denied relief on a petition for a writ on January 18, 1969, relying on the opinion in People v. Womack, supra. It did not cite In re Womack, supra, which had then been decided.

We assume for argument and for the purpose of decision, that appellant requested counsel at the time of the 1938 conviction, but that counsel was not supplied to him. We do this, notwithstanding the fact that the District Court of Appeal in the decision in In re Womack, supra, examined the record in connection with the 1938 proceeding and concluded "Petitioner was advised of his constitutional rights at the 1938 conviction and waived them * * * that petitioner was informed by the court of his right to counsel and to have the court supply one if the petitioner was unable to do so. On being informed that the court would grant any reasonable delay which petitioner might require, or that he could proceed at once without counsel, petitioner stated that he desired to proceed. Thus, he waived his right to counsel." [pp. 77–78, 68 Cal.Rptr. p. 355].

We come now to the 1965 proceedings in Yolo County, resulting in the conviction referred to above. Appellant stated under oath, in a supplemental brief in the district court, "Petitioner knowing the Oregon prior and the 1938 Kern County prior being invalid, sought to object to their entry and deny them. Acting on the advise [sic] of the Yolo County Public Defender, who had instructed petitioner to deny the Oregon 1937 prior because it was an out-of-state matter and therefore would be difficult for the Prosecutor to prove, and admit the 1938 Kern County and 1947 Sacra-

mento County priors as standing, petitioner complied to the advice of learned counsel and admitted those priors, knowing full well the 1938 conviction and judgment were more than questionable."

We are convinced that appellant's statement shows clearly that he was entitled to no relief in the district court and none here. We base our conclusion on two grounds:

(1) The trilogy of Parker v. North Carolina (1970), 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785; McMann v. Richardson (1970), 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763; Brady v. United States (1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747. In *Parker* and *McMann*, the Supreme Court held that where a defendant was represented by competent counsel and entered a guilty plea, he could not thereafter claim that his plea was coerced by a prior unlawful confession. In *Brady*, the court held that where a defendant represented by competent counsel entered a guilty plea, he could not claim his plea was coerced by the possibility of a death penalty if he went to trial.

Here appellant alleges he knew the 1938 prior was invalid, but acting on the advice of "learned counsel," he admitted the conviction. We think by analogy this situation comes within the rule of the above cases. We see no difference between the admission of a prior conviction and the entry of a guilty plea to a charge.

(2) From the appellant's own allegation this was, under Curry v. Wilson, 405 F.2d 110 (9th Cir. 1969), a knowing and intelligent waiver of appellant's right to deny the prior and contest its validity.

Under California practice, California Penal Code §§ 644, 969, 969a, 969b and 969½, where prior convictions upon which the habitual offender's charge is based, are denied by the defendant, their existence becomes a question for the jury entertaining the principal offense in connection with which the habitual offender charge is made. California Pe-

nal Code §§ 969½ and 1158.  Thus, here, had appellant at the time of his 1965 robbery-kidnap trial denied the 1938 conviction, facts respecting its existence would have gone to the robbery-kidnap jury.  By admitting the 1938 conviction he was able to keep that question from the jury.

Here, then, as in Curry v. Wilson, supra, it may be said that "counsel [here with appellant's concurrence] deliberately, as a matter of trial strategy, which proved to be successful, waived those grounds."  405 F.2d at 112.

The judgment is affirmed.